## Greenwalt *versus* Austin.

1. When an insolvent person has two creditors, equally meritorious, a judgment confessed to one, to secure his debt, is not fraudulent.
2. A man commits no fraud who takes a judgment for an honest debt. One creditor has no right to complain because another man gets ahead of him.

ERROR to the Court of Common Pleas of *Fayette county*.

Charles Austin confessed three judgments, Nos. 97, 98 and 103, of September term, 1852, to his father, John M. Austin.

[Greenwalt *v.* Austin.]

Sabrina Greenwalt, executrix of William Greenwalt deceased, also had a claim against Charles Austin, upon which she obtained a judgment, after his goods had been levied on by his father's execution.

Executions were issued in favor of John M. Austin, and of Mrs. Greenwalt, executrix, and the store of defendant sold, and money brought into court for distribution. Both parties claimed the money, and Mrs. Greenwalt alleged that the judgments in favor of John M. Austin, were entered and the executions thereon issued with the intention of hindering, delaying, and defrauding her out of the collection of her judgment, and this case is a feigned issue, directed at her request, to determine the validity of those judgments.

The court, GILMORE, J., *inter alia* charged as follows:—" In ruling out evidence, we have already decided, that one creditor may prefer another, and that such preference does not amount to a fraud, although it may hinder and delay, and indeed effectually prevent the recovery of the judgment." This is assigned for error, and raises the material point in this case.

*Deford,* for plaintiff in error, contended that the executions of John M. Austin, were fraudulent and void as to plaintiff in error, and should be postponed, and that the instruction of the court upon this point was erroneous: Stat. 13 Eliz., Rob. Dig. 295, 296 ; *Ashmead* v. *Hean,* 1 H. 587 ; 2 Pa. R. 92 ; 2 Cowp. 434 ; 1 Burr. 474 ; *Dean* v. *Connelly,* 6 Barr, 250 ; 10 Watts, 397 ; *Meyers* v. *Hart,* Ib. 104 ; 7 W. 304 ; 4 Id. 361 ; *Harland's Account,* 5 R. 323 ; 3 Pa. R. 18 ; 2 W. 180 ; 4 W. 424.

*J. B. & A. Howell,* and *Kaine,* for defendant in error, referred to *Blakely's Appeal,* 7 Barr, 450 ; *Davis* v. *Charles,* 8 Barr, 83 ; *Hesler et al.* v. *Pott et al.,* 3 Barr, 179.

The opinion of the court was delivered October 17, 1854, by

BLACK, J.—This was a feigned issue to try the validity of certain judgments, which the defendant had taken against his son, who was insolvent. It is not denied that the debt was honestly due. The objection to the judgments is, that they were taken with intent to hinder and delay the present plaintiff, who had a claim which was not reduced to judgment until the assets of the debtor were taken on his father's execution.

The notion of the plaintiff in error, seems to be that when an insolvent person has two creditors equally meritorious, one of them shall not be permitted to secure his debt without waiting until the other has taken all the property, upon pain of being charged with fraud and having his security declared void. This obligation upon the creditors to be diligent in getting behind one

[Neel *v.* Neel.]

another is mutual.   The prize must always be given to the slow-est.   Upon this principle two liens of simultaneous date ought both to be set aside, for each hinders the other.   But such is not the law.   A man commits no fraud who takes a judgment for an honest debt.   One creditor has no right to complain because another gets ahead of him.

This mistake of the plaintiff in error, pervades all his excep-tions.   We think the cause was rightly decided all through.

Judgment affirmed.